UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

THOMAS P. BUDNICK,              )
          Plaintiff    )
                       )
                       )
   v.                            )    Civil Action No. 05-30058-MAP
                       )
                       )
TONY BLAIR, et al.,             )
          Defendants   )

REPORT AND RECOMMENDATION FOR SUMMARY
DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)[1]
March 1, 2005

NEIMAN, U.S.M.J.

Thomas P. Budnick ("Plaintiff"), proceeding pro se, has submitted for filing a complaint against Britain's Prime Minister Tony Blair and several European governments and entities. Plaintiff's eleven page, rambling handwritten complaint concerns "space mining claims," this time on Saturn's moon, Titan. Together with his complaint, Plaintiff has filed an application for leave to proceed *in forma pauperis*.

The court has determined that Plaintiff is unable to pay the costs of commencing the action. Accordingly, leave to proceed *in forma pauperis* is granted pursuant to the provisions of 28 U.S.C. § 1915(a). However, summonses have not issued in order to allow the court to review Plaintiff's complaint to determine whether it satisfies the

---

[1] This matter has been referred to the court for a report and recommendation pursuant to Rule 3 of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts. *See* 28 U.S.C. § 636(b)(1)(B).

requirements of the federal *in forma pauperis* statute. For the reasons stated below, the court concludes that it does not. Moreover, the court concludes that Plaintiff should be barred from filing any more lawsuits in this district without prior approval of the court.

## I. B<small>ACKGROUND</small>

As far as the court is able to discern, Plaintiff's complaint alleges that the various defendants have trespassed on his mining claims. Particularly egregious, Plaintiff asserts, is Defendants' Cassini space craft, which "landed, flew over and is doing mineral experimentation" on his "mining claims." These trespasses, Plaintiff asserts, have caused him, all told, over 1.6 billion Euros in damages. In addition, Plaintiff charges Defendants with both civil and criminal conspiracy, having deluded themselves into thinking that "they were free and above the law," causing Plaintiff to suffer another 684 million Euros in damages. Plaintiff also claims similarly steep damages because of Defendants' violations of the "Little Green Men Treaty."

## II. S<small>TANDARD OF</small> R<small>EVIEW</small>

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A claim "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "Where the court has no subject matter jurisdiction there is 'no rational argument in law or fact' to support the claim for relief and the case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)." *Mobley v. Ryan*, 2000 WL 1898856, at *1 (N.D. Ill. Dec. 29, 2000) (citing *Jones v. Morris*, 777 F.2d 1277,

1279 (7th Cir. 1985)). *See Maldonado v. Maldonado*, 1997 WL 786585 (E.D. Pa. Dec. 11, 1997) (similar). *See also Bolden v. Mixa*, 2001 WL 1356133, at *1 (N.D. Ill. Oct. 31, 2001) (holding that where there is "no subject matter jurisdiction" *in forma pauperis* actions "must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)"). The Supreme Court has also held that courts may dismiss *in forma pauperis* complaints *sua sponte* without notice if the claim is based on an "indisputably meritless legal theory" or "factual contentions [that] are clearly baseless." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Forte v. Sullivan*, 935 F.2d 1, 3 (1st Cir. 1991) (quoting *Neitzke,* 490 U.S. at 327). *See also Street v. Fair*, 918 F.2d 269, 272 (1st Cir. 1990).

### III. DISCUSSION

The court will recommend that the complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). In making this recommendation, the court is aware that the allegations in the complaint must be taken as true. *Estelle v. Gamble*, 429 U.S. 97 (1976). Moreover, the court has been careful in reviewing the allegations insofar as they are made by a pro se complainant. *See Haines v. Kerner*, 404 U.S. 519 (1972).

It is evident that Plaintiff's complaint is frivolous, indeed ludicrous. There is absolutely nothing in Plaintiff's complaint justifying its being brought in this federal court, let alone in any other forum.[2] Accordingly, the court will recommend that Plaintiff's complaint be summarily dismissed.

The court will also recommend that Plaintiff be barred from filing any further complaints in the District Court of Massachusetts without receiving the prior consent of

---

[2] Interestingly enough, Plaintiff asserts in his complaint that he has 618 pending cases in the Palmer District Court.

3

the district judge or magistrate judge in the western division.  In making this particular recommendation, the court notes that Plaintiff has filed numerous complaints in recent years, practically all of which have been summarily or otherwise dismissed at the trial court level or abandoned soon after filing or on appeal.  *See, e.g., Budnick v. Baybanks, Inc.*, 95cr30045-MAP; *Budnick v. Ajay Investigation*, 95cv30190-MAP; *Budnick v. Creamer*, 96cv30169-MAP; *Budnick v. Arrow Security Co.*, 00cv30133-KPN; and *Budnick v. Hampden County House of Correction*, 04cv30092-MAP.  Unfortunately, these complaints, usually meritless, demand untold hours of effort on the part of the court and those unfortunate enough to be caught in Plaintiff's sights.

A district court has the power to enjoin litigants who abuse the court system by filing groundless and vexatious litigation.  *See Elbery v. Louison*, 201 F.3d 427, 1999 WL 1295871 at *2 (1st Cir. Dec. 17, 1999) (per curiam) (citing *Cok v. Family Court of Rhode Island*, 985 F.2d 32, 34 (1st Cir. 1999)).  *See also O'Connor v. Northshore Int'l et al.,* C.A. No. 03-10152-DPW (dismissed under § 1915(e)(2)), *aff'd*, No. 03-1601 (1st Cir. Oct. 15, 2003); 28 U.S.C. § 1651 (courts may issue all writs necessary or appropriate in aid of their respective jurisdictions).  Here, Plaintiff's repeated filings of factually and legally deficient complaints are a burden on the court's time and resources and, in this court's opinion, constitute an abuse of the processes of the court for the administration of justice.  Thus, in the court's view, the issuance of an order to the Clerk of this Court that the Clerk not file documents presented to the Clerk by Plaintiff absent leave is warranted.  *See Castro v. United States*, 775 F.2d 399, 408 (1st Cir. 1985) (per curiam) ("[I]n extreme circumstances involving groundless encroachment upon the limited time and resources of the court and other parties, an

4

injunction barring a party from filing and processing frivolous and vixatious lawsuits may be appropriate."); *accord Gordon v. United States Dep't of Justice*, 558 F.2d 618, 618 (1st Cir. 1977) (per curiam) (same); *Pavilonis v. King*, 626 F.2d 1075, 1078 (1st Cir. 1980) (same).

## IV.  CONCLUSION

Insofar as Plaintiff's complaint fails to satisfy the requirements of 28 U.S.C. § 1915(e)(2), the court recommends that it be DISMISSED.  The court also recommends that an order in the form appended be issued so as to forestall any further waste of this court's time.[3]

DATED:   March 1, 2005

                                                  /s/ Kenneth P. Neiman
                                                KENNETH P. NEIMAN
                                                U.S. Magistrate Judge

---

[3]  Plaintiff is advised that under the provisions of Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within ten (10) days** of the party's receipt of this Report and Recommendation.  The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection.  Plaintiff is further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation.  *See Keating v. Secretary of Health & Human Services*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980).  *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985).

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

THOMAS P. BUDNICK,            )
         Plaintiff     )
                       )
                       )
    v.                    )     Civil Action No. 05-30058-MAP
                       )
                       )
TONY BLAIR, et al.,           )
         Defendants    )

## STANDING ORDER

Thomas P. Budnick is hereby enjoined as follows and is further warned that any failure to comply with the terms below will result in other appropriate orders against him as well as monetary penalties:

    i.    If Plaintiff wishes to file any additional papers in the District Court of Massachusetts, he shall first file a written petition seeking leave to do so. The petition must contain a copy of this Order, together with the papers sought to be filed, and a certification under oath that there is a good-faith basis for their filing. The Clerk of Court shall accept the documents, mark them received, and forward them, for action on the petition, to the district judge or magistrate judge of this division.

    ii.    This Order applies to any additional papers, claims, cases, files, complaints or anything resembling such pleadings or documents, which Thomas Budnick seeks to file.

      iii.    A copy of this Order shall be distributed to each district judge in this district.

DATED:

                                                          MICHAEL A. PONSOR  
                                                          United States District Judge